No. 48,496

STATE OF KANSAS, *Appellee,* v. TERRY B. BROOKS, *Appellant.*

(565 P.2d 241)

Opinion filed June 11, 1977.

*John P. Woolf,* of Martin, Pringle, Schell & Fair, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Warren B. Wood,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: A jury convicted Terry B. Brooks of four counts of kidnapping in violation of K.S.A. 21-3420, and two counts of aggravated robbery in violation of K.S.A. 21-3427. Concurrent sentences of not less than 15 years nor more than life imprisonment were imposed. Brooks appeals.

Several issues are presented, the primary question being the propriety of the action of the trial court in admitting evidence of defendant's prior aggravated robbery conviction pursuant to K.S.A. 60-455.

The Pruitt Hardware and Garden Center in Wichita was the scene of criminal activity on the afternoon of July 19, 1975. Present in the store were the owner, John Pruitt, and two clerks, both high school girls. Three young black men entered the store and shortly thereafter two of the men brandished hand guns. One of the robbers ordered the girls to the rear of the store, forced them to lie down, and bound each one hand and foot with refrigeration tape. Pruitt was clubbed with a revolver and knocked to the floor, and then was pulled over to the cash register and ordered to open it. One of the robbers put the money from the register into a brown paper sack. Next, Pruitt was taken to the rest room, caused to lie on the floor, and taped hand and foot. A customer who entered the store was knocked to the floor, clubbed and kicked, tied with tape, and relieved of his billfold, from which nine dollars was taken.

As soon as the robbers left, Pruitt freed himself and ran outside in time to see four black men leaving the store parking lot in a white Chrysler Imperial. Pruitt, bleeding profusely from head wounds, alerted a police officer who was nearby. He gave chase and caught the Chrysler. The four occupants, one of whom was the defendant, were taken into custody. One revolver and one automatic pistol were removed from the Chrysler. The money recovered, including funds on defendant's person, approximated the amount believed taken in the robbery. When the get-away car was stopped, defendant was in the left rear seat. A pair of sandals, identified as having been worn by one of the robbers, was found on the left rear floor of the car.

Two of the occupants of the car, Taylor and Manns, made oral statements to the police. They said that all four men, Taylor, Manns, Jenkins and defendant Brooks, planned the robbery. Manns, Jenkins and Brooks went in the store and robbed it while Taylor stayed in his car. Taylor was driving when the vehicle was stopped.

All four men were charged jointly with kidnapping and robbery. Taylor, Manns and Jenkins entered pleas of guilty on the day before trial was to commence; Brooks alone stood trial. The state was granted leave to endorse the names of Taylor, Manns and Jenkins as witnesses on the morning of trial. Taylor and Manns were called as witnesses by the state; both repudiated the statements attributed to them, and both testified that Brooks was asleep in the car during the planning stage as well as during the time the robbery took place. Both said that Brooks remained asleep in the car while Manns, Taylor and Jenkins entered the store. Detectives testified as to the earlier statements made by Taylor and Manns, implicating Brooks. Brooks did not testify. Neither Pruitt, the clerks, nor the customer could identify Brooks as having been inside the store when the robbery was committed.

Upon this state of the record, the prosecution sought to introduce evidence of defendant's prior aggravated robbery conviction. After hearing the proffered testimony in the absence of the jury, in conformity with the rule stated in *State v. Bly,* 215 Kan. 168, 176, 523 P.2d 397, the trial court held the evidence admissible for the purpose of determining intent, knowledge, or absence of mistake or accident. The testimony was then repeated

in the presence of the jury, and the court admonished the jury to consider it only for the limited purposes stated.

Brooks contends this was error in that intent and knowledge were not made issues in the case by the defendant, and that these would not have been issues had the state not introduced the testimony of the co-defendants. We disagree.

A criminal intent is an essential element of every crime defined by the Kansas Criminal Code. K.S.A. 21-3201. Further, while a specific intent (to deprive the owner permanently of his property) is not an essential element of the crime of robbery or aggravated robbery, *State v. Thompson and Pennington,* 221 Kan. 165, 558 P.2d 1079, a specific intent is an essential element of kidnapping. K.S.A. 21-3420 (*a*), (*b*), (*c*) and (*d*); K.S.A. 21-3421. The defendant's plea of *not guilty* puts in issue every essential element of the charge, including the question of intent or guilty knowledge. 22 C.J.S., Criminal Law, sec. 454, pp. 1268-1269; 21 Am. Jur. 2d, Criminal Law, sec. 467, pp. 462-463. The existence of charge and plea, alone, does not justify the receipt of evidence of other crimes under K.S.A. 60-455. There must be a *substantial issue,* under the evidence adduced, to justify the reception of this evidence; otherwise it should be excluded. *State v. Faulkner,* 220 Kan. 153, 551 P.2d 1247; *State v. Bly,* supra, p. 176.

The evidence before the jury in this case showed that Brooks was in the car with the robbers before and after the robbery was committed. His presence in the car was conceded but his intent in being there was in question. Whether he actively planned and participated in the offense, or whether he was simply a sleeping traveler, was an issue for the jury to determine. Intent and knowledge were thus very much at issue, and we hold that evidence that defendant had recently committed a similar crime in a nearby location was properly received in evidence under the limiting instructions given.

Defendant next argues that the acts he allegedly committed do not constitute kidnapping within the statutory definition, as interpreted by this court in *State v. Buggs,* 219 Kan. 203, 547 P.2d 720, and thus the trial court erred in failing to grant his motion for acquittal at the close of the state's evidence, and his motion for a new trial. The statute reads in pertinent part as follows:

K.S.A. 21-3420. "Kidnapping is the taking or confining of any person, accomplished by force, . . . with the intent to hold such person:

"(b) To facilitate flight or the commission of any crime . . ."

In *Buggs,* we said:

"We . . . hold that if a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:

"(*a*) Must not be slight, inconsequential and merely incidental to the other crime;

"(*b*) Must not be of the kind inherent in the nature of the other crime; and

"(*c*) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.

"For example: A standstill robbery on the street is not a kidnapping; the forced removal of the victim to a dark alley for robbery is. The removal of a rape victim from room to room within a dwelling solely for the convenience and comfort of the rapist is not a kidnapping; the removal from a public place to a place of seclusion is. The forced direction of a store clerk to cross the store to open a cash register is not a kidnapping; locking him in a cooler to facilitate escape is. The list is not meant to be exhaustive, and may be subject to some qualification when actual cases arise; it nevertheless is illustrative of our holding." (p. 216.)

We held in *Buggs* that the offense of robbery could have been committed where the victims were first confronted by the robbers: outside the building. But the victims were forced to unlock the door and to return to the relative seclusion of the inside of the store, and this, we held, was a taking and confinement to facilitate the robbery and rape.

Here, three occupants were herded to the rear of the store, placed on the floor, and bound with tape. The fourth was bound and left confined in the rest room. Such acts were not a necessary incident to or part of the crime of aggravated robbery. That offense could have been completed without any movement or restraint of the occupants of the store.

Moving the victims to places where they could not see or be seen, and binding them so that they could not follow the robbers or give alarm, were actions taken to facilitate escape and avoid detection. Under the principles set forth in *Buggs,* we hold that kidnapping was established by the evidence here, and the trial court did not err in overruling the motions.

We have carefully considered the other points raised and find them largely repetitive and without merit.

The judgment is affirmed.