No. 49,034

STATE OF KANSAS, *Appellee,* v. ROY S. NELSON, *Appellant.*

(575 P.2d 547)

Opinion filed February 25, 1978.

*Ralph M. King, Jr.,* of Norwood, King & Fairchild, of Lawrence, argued the cause and was on the brief for appellant.

*Michael J. Malone,* county attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Janet Roberts,* legal intern, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal by defendant-appellant from conviction by a jury of three counts of aggravated robbery (K.S.A. 21-3427), five counts of kidnapping (K.S.A. 21-3420[b]), and one count of aggravated weapons violation (K.S.A. 21-4202).

On February 28, 1976, three black males robbed the Mr. Steak restaurant in Lawrence, Kansas, and the family of four that was eating in the otherwise empty restaurant. One of the men forced the cook to open the unlocked safe, another took the billfold of the man who was dining with his family and the third man took the contents of the cash register from the waitress on duty. While this was going on, the man obtaining the contents of the safe discharged his shotgun over the cook's head. The robbery being substantially complete, the four customers and the waitress were forced into a walk-in refrigerator, told to remain there and the door was then slammed shut. The refrigerator was not locked. After five to ten minutes, the occupants of the refrigerator ventured out and found the cook calling the police. The three robbers had departed.

After an automobile chase, two of the men were arrested in Lawrence. The defendant was not in their car but was later taken into custody in Topeka.

Defendant testified in his own behalf and presented testimony from two witnesses in an attempt to establish his defense of alibi. Although the identity of the defendant as a participant in the robbery was vigorously contested, the jury returned a verdict of guilty.

Defendant asserts three points on appeal:

(1) A new trial should be granted because of the failure of the trial court to embody the rule of *State v. Buggs,* 219 Kan. 203, 547 P.2d 720 (1976), in its instructions on the five counts of kidnapping.

(2) Defendant's retained counsel was ineffective and inadequate.

(3) The county attorney in his argument to the jury made statements that resulted in constitutional error or in prejudice to the extent the defendant was denied a fair trial.

In defendant's first point on appeal he challenges the adequacy of the instructions given to the jury on the five kidnapping charges. This point might be readily disposed of on the basis there was no objection to the instructions as given and no additional or different instructions requested. However, in view of defendant's second point, we do not choose to decide this issue on that ground alone.

The trial court instructed on each of the kidnapping charges as follows:

"To establish the charge of kidnapping as charged in Count _____, each of the following claims must be proved:

1. That the defendant took or confined (name of victim) by force or threat;

2. That it was done with intent to hold such person to facilitate flight;

3. That this act occurred on or about the 28th day of February, 1976, in Douglas County, Kansas."

The instruction given follows the wording of the statute (K.S.A. 21-3420 [b]) and is taken from PIK Criminal 56.24. Defendant asserts this instruction is now inadequate in light of *State v. Buggs,* supra, which speaks to certain criteria to be used in determining the existence of a kidnapping. This court said in *Buggs:*

"We therefore hold that if a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:

(a) Must not be slight, inconsequential and merely incidental to the other crime;

(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection." *State v. Buggs,* supra, at 216.

As the four customers and the waitress were ordered into an *unlocked* refrigerator, defendant contends that under *Buggs* there could be no kidnapping or that the jury should have been given additional guidelines to advise them of the criteria set forth in *Buggs.*

In a recent case where the victims and occupants of a store robbery were taken to the rear of the store and bound with tape this court applied the *Buggs* criteria and held:

"Moving the victims to places where they could not see or be seen, and binding them so that they could not follow the robbers or give alarm, were actions taken to facilitate escape and avoid detection. Under the principles set forth in *Buggs,* we hold that kidnapping was established by the evidence. . . ." *State v. Brooks,* 222 Kan. 432, 435, 565 P.2d 241 (1977).

The robberies in this case were essentially complete when the occupants of the restaurant were forced into the refrigerator. There was testimony from the waitress and customers that they were fearful for their lives; they had heard the blast from the shotgun discharged earlier; they observed the weapons of the robbers; and they were afraid to emerge from their confinement until they were sure the robbers had departed and it would be safe to do so. We find no error in the instructions as given.

Defendant's second point on appeal questions the effectiveness and adequacy of his retained counsel. In his argument that trial counsel was wholly ineffective and inadequate appellant has combed the record to point out fragmentary segments which he now claims to be trial errors of counsel. Foremost is the continuing argument on counsel's failure to object to the kidnapping instruction and failure to insist on additional instructions based on *Buggs.*

At the end of the trial and in the hearing on instructions, defendant's counsel moved and argued for discharge of the defendant on the kidnapping counts on the basis the evidence was insufficient to uphold those charges. His motion was overruled. Counsel again raised the point in his final argument and again at the hearing on a motion for a new trial. We find no lack of diligence or competence in this respect.

The standards for effective assistance of counsel have been clearly and repeatedly set out, and the burden rests squarely on the defendant to prove that his attorney provided counsel that was wholly ineffective and inadequate. This court has recently defined defendant's burden of proof and the presumption of competence he must overcome:

"Whenever the court in good faith appoints or accepts the appearance of a member of the bar in good standing to represent a defendant, the presumption is that such counsel is competent. To constitute a denial of an accused's constitutional rights it must clearly appear that the representation of accused was wholly ineffective and inadequate. The burden is on the petitioner to show representation by his attorney was so incompetent that the total effect was that of complete absence of counsel." *Lee v. State,* 220 Kan. 221, 222, 552 P.2d 626 (1976).

The competence of an attorney must be gauged by the totality of the circumstances surrounding the defense, and not by "fragmentary segments thereof in isolation." *Turner v. State,* 208 Kan. 865, 867-868, 494 P.2d 1130 (1972).

Counsel admittedly was handling his first criminal jury trial and a careful examination of the record discloses some matters which another attorney might question or handle in a different manner; however, when gauged by a totality of circumstances we have no hesitation in finding counsel was not wholly ineffective and inadequate. See *Trotter v. State,* 218 Kan. 266, 543 P.2d 1023 (1975); *Peterson v. State,* 215 Kan. 253, 524 P.2d 740 (1974); *Reid v. State,* 213 Kan. 298, 515 P.2d 1040 (1973).

The county attorney early in his closing arguments stated:

"The State has had to go through a series of chain of custody, and this is fairly important, there are reasons for all these things. Each charge the State must prove or that charge wouldn't even get to the jury, and for that reason I thank you for your attention."

Defendant asserts that the statement in effect told the jury that the judge felt the state had proved its case. Defendant complains of no other portions of the closing argument. There was no objection to the argument.

" . . . The rule is well settled that reversible error cannot be predicated upon a complaint of misconduct of counsel in closing argument where no objection is lodged." *State v. Watkins,* 219 Kan. 81, 87-88, 547 P.2d 810.

"Misconduct of the county attorney in closing argument will not always require the granting of a new trial unless such misconduct has resulted in prejudice to the extent that the accused has been denied a fair trial." *State v. Gauger,* 200 Kan. 515, Syl. 3, 438 P.2d 455.

While the remark of the county attorney was improper, a careful review of the entire record fails to disclose a denial of a fair trial or prejudicial error in any of the points raised by counsel.

The judgment is affirmed.