No. 49,224

State of Kansas, *Appellee,* v. Curtis Ray Hatch and Durn Smith, *Appellants.*

(576 P.2d 687)

Opinion filed April 1, 1978.

*Timothy J. Carmody,* of Kansas City, argued the cause, and was on the brief for the appellant Curtis Ray Hatch.

*Steven D. Alexander,* of Kansas City, argued the cause, and was on the brief for the appellant Durn Smith.

*Dennis L. Harris,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the. briefs for the appellee.

*Per Curiam:* This is a direct appeal by the defendants, Curtis Ray Hatch and Durn Smith, from convictions of two counts of aggravated robbery (K.S.A. 21-3427), one count of aggravated assault on a law enforcement officer (K.S.A. 21-3411), and one count of attempted aggravated robbery (K.S.A. 21-3427; 21-3301). Both of the defendants were sentenced under the provisions of K.S.A. 1976 Supp. 21-4618, which prohibits probation to a defendant convicted of an article 34 crime in which a firearm is used.

The series of events resulting in the convictions of Hatch and Smith began with the attempted robbery of the desk clerk at the Holiday Inn Motel in Kansas City, Kansas, on the evening of December 25, 1976. Displaying a pistol, the defendant Smith ordered the desk clerk to give him all of the money from the cash drawer. In response to the clerk's reply that there was no money, the defendant Hatch drew his pistol, vaulted the counter, and began searching for the money. As the two defendants held the desk clerk at gunpoint, three young women entered the lobby to request directions to the restroom. The two robbers forcibly divested the three young women of their coats and purses and ran outside to a get-away car.

As the defendants were running to their car, they were observed by police officer Jerry Sipes, who directed them to stop. They ignored his command and proceeded to enter their vehicle, with

defendant Smith taking the driver's seat. The car drove away, followed by the police officer in his vehicle. The ensuing high-speed chase by police officer Sipes continued through Kansas City, Kansas, and onto Interstate 70. The defendants hit a guard rail and, for the moment, became stalled on the median strip. As police officer Sipes got out of his patrol car, defendant Hatch raised a firearm. In response, Sipes fired and Hatch returned his fire. Officer Sipes could not determine if any of the shots came from Smith, but observed that as many as ten shots came from the vehicle. Following the exchange of gunfire, the defendants drove off Interstate 70 into a residential area, with the police car in hot pursuit. The gunfire continued coming from the passenger side of the defendants' car. At the crest of a hill, the defendants' car stopped momentarily. Hatch got out. As Hatch ran between the nearby houses, he fired three shots at the approaching police car. Smith drove away and the chase continued until the car driven by Smith went out of control and struck a utility pole. Smith was arrested and taken to the hospital for treatment of injuries sustained in the collision. Following the arrest of defendant Smith, the police searched the area for Hatch. A householder in the neighborhood discovered a .22-caliber pistol in her yard and notified the police. An examination by the police disclosed that the weapon contained five loaded cartridges and one spent shell. Hatch was apprehended without resistance one block from the location where he had left the robbery vehicle. In Hatch's pocket were four .22-caliber bullets. At the trial both Hatch and Smith were identified as the robbers by the four victims of the robbery. Following their convictions by a jury, Hatch and Smith appealed to this court.

Each of the defendants raised three points on the appeal. We will consider each appeal separately.

## APPEAL OF CURTIS RAY HATCH

The defendant Hatch contends that the trial court erred in admitting into evidence the .22-caliber pistol found in the area where Hatch had departed from the robbery vehicle. The defendant maintains that the pistol lacked probative value. The weapon was found a few houses away from the scene of the shooting in the direction that Hatch was running. Hatch fired at the police after leaving the automobile and, when apprehended, was carrying four .22-caliber bullets in his pocket. The pistol was

properly admitted into evidence since there was a natural, necessary, and logical connection between the evidence and the proof of Hatch's possession of the pistol. (*State v. Brown,* 217 Kan. 595, 538 P.2d 631 [1975].)

Hatch's next point on appeal is that the trial court erred in denying his motion for a separate trial. Under K.S.A. 1976 Supp. 22-3202(3), two defendants may be jointly charged if they are alleged to have participated in the same act or transaction constituting the crime charged. K.S.A. 22-3204 provides that the court may order a separate trial on the request of either of the parties. Whether or not a separate trial is to be granted rests within the sound discretion of the trial court. (*State v. Jones,* 222 Kan. 56, 563 P.2d 1021 [1977].) Here the testimony of the same witnesses convicted both defendants of the same crimes. The trial court did not abuse its discretion in denying a separate trial to the defendant Hatch in this case.

Hatch next challenges the constitutionality of K.S.A. 1976 Supp. 21-4618 which provides in substance that a defendant convicted of a crime under article 34, chapter 21, who used a firearm in the commission of such crime, shall be sentenced to "not less than the minimum sentence of imprisonment authorized by law for that crime" and denied probation. Hatch was sentenced under this statute. The constitutionality of the statute was recently upheld in *State v. Freeman,* 223 Kan. 362, 574 P.2d 950 (1978). As applied to him, the defendant Hatch complains that he was denied a hearing on the issue of whether or not he had used a firearm in the commission of the crime of which he was convicted. According to Hatch, the failure to provide him a hearing on the issue of use of a firearm is a denial of due process. The determination of the application of K.S.A. 1976 Supp. 21-4618 is to be made by the trial judge at the time of sentencing. At the time of the sentencing in the case now before us, Hatch did not raise the issue before the trial court. Furthermore, the evidence in the case was absolutely undisputed that a firearm was used by each of the robbers and Hatch was positively identified as one of the persons firing at officer Sipes. Both firearms were identified and admitted into evidence at the trial. We hold that defendant Hatch was properly sentenced by the trial court under K.S.A. 1976 Supp. 21-4618.

## APPEAL OF DEFENDANT DURN SMITH

The defendant Smith challenges the trial court's determination of his competency to stand trial. Essentially, Smith complains that the examination to determine his competency was superficial and was conducted with other persons present. We note from the record that Smith was arraigned in the district court on February 28, 1977, and that at the time the pretrial conference was held on March 1, 1977, Smith did not claim he was incompetent to stand trial. The issue of incompetency was not raised until Smith's counsel filed a motion for an examination to determine competency on May 10, 1977, only a few days before trial. The district court then ordered that the defendant Smith be examined without delay by Dr. William McKnelly, a staff psychiatrist at the Kansas University Medical Center. The examination was held on May 16, 1977, the day before the trial. Dr. McKnelly's report to the court discloses his opinion that the defendant, at the time of the examination, was competent to stand trial, and was able to comprehend his position and to make his defense. On the morning of the trial, counsel for defendant complained to the trial court as to the sufficiency of the examination stating that Smith had experienced numerous blackouts and lapses of memory. Counsel did not, however, request an examination by another psychiatrist. At the trial Smith admitted being addicted to heroin and further testified that he had no memory of the events on December 25, 1976, when the robbery occurred.

From the entire record we have concluded that the trial court did not abuse its discretion in accepting the findings of Dr. McKnelly, a qualified psychiatrist at the Kansas University Medical Center. It is understandable why Smith might have a lapse of memory in this case. He was positively identified by four eyewitnesses and was apprehended by the police following a direct and continuous chase from the scene of the robbery to the point of his apprehension. The fact that the defendant Smith may have had a lapse of memory because of his taking drugs did not prevent him from cooperating with his counsel. We find no error.

Smith's next point is that the trial court erred in failing to suppress the photograph identification of Smith by certain eyewitnesses. Smith complains that the picture of him was taken in the hospital and showed him bandaged and lying in bed. The other pictures used showed four men standing and uninjured.

The defendant complains that these photographs are somewhat suggestive. We are inclined to believe that if these photographs were the only means of identification of the defendant, the defendant would have cause to complain. In this case, however, the identification of Smith as one of the robbers was absolutely overwhelming, since all four of the victims made an in-court identification of Smith and since he was apprehended after a direct chase from the scene. Also we note that defendant's counsel did not object to the photograph identification at the trial and thus is precluded from raising this point on the appeal.

The defendant Smith's last point is that the trial court should have given an instruction on the lesser included offense of assault on a law enforcement officer. Smith contends that he was not positively identified as having fired shots at the pursuing police officer. Here the evidence established that bullets were fired at officer Sipes as he pursued the robbers in the police car. Even if all the bullets were fired by Hatch, Smith would be guilty of aggravated assault on a police officer as an aider and abettor. Hence an instruction on the lesser offense of simple assault was not required.

The judgment of the district court is affirmed as to both defendants.