No. 49,966

STATE OF KANSAS, *Appellee,* v. JAMES MICHAEL COOK, *Appellant.*

(589 P.2d 616)

Opinion filed January 20, 1979.

*Carl E. Cornwell,* of Kansas City, argued the cause and was on the brief for the appellant.

*Philip L. Sieve,* chief deputy district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found James Michael Cook (defendant-appellant) guilty of five counts of aggravated robbery (K.S.A. 21-3427).

The appellant contends the trial court erred in admitting testimony undisclosed under a discovery order; in allowing an unendorsed witness to testify; and in overruling his motions for mistrial and judgment of acquittal.

On November 2, 1977, at approximately 8:30 p.m. two men entered the U-Totem convenience store at 4748 State Avenue, Kansas City, Kansas. The men pretended to shop for groceries and eventually approached the check-out counter carrying several items. As the clerk, Miss Pearl Deyoe, rang up the items one of the two men produced a gun and instructed Miss Deyoe to put the money from the cash register into a paper bag. Miss Deyoe subsequently identified the appellant as one of the robbers.

At approximately 9:30 that same evening the Shop-N-Go convenience store at 82nd and Minnesota, Kansas City, Kansas, was robbed by two men in the same manner as the earlier robbery. Mrs. Ruth Blowers, the clerk, and Michael Fogarty, a customer who was robbed, later identified the appellant as one of the two men who participated in the robbery.

Apparently Mrs. Delores Bartton, who lived near the Shop-N-Go store, arrived when the robbery was in progress. Suspicious of the events transpiring within the store, Mrs. Bartton called the police. She too positively identified the appellant at the trial.

Officer Dennis Doleshal of the Kansas City, Kansas, police department was dispatched to the scene as a result of the telephone call from Mrs. Bartton. He arrived as the appellant and his accomplice were leaving the store. He testified the two men ignored his order to stop, and the appellant got into the passenger side of a Pinto station wagon. Within seconds the driver of the car opened fire, and three shots struck the police car. Officer Doleshal returned fire, and as the car sped away one of his shots struck the right car door.

Trooper Charles Kohler of the Kansas Highway Patrol heard a police dispatch of the robbery and proceeded to intercept the fleeing vehicle. He soon approached the get-away car and made a U-turn in front of it. This caused the Pinto to crash into a retaining wall. As Trooper Kohler approached the car, the appellant and his accomplice alighted from the vehicle and began to flee the area. An exchange of shots ensued; however, Trooper Kohler soon received assistance from police units of the Kansas City, Kansas, police department who ultimately took the appellant into custody.

The appellant and Michael Howard, who remains at large, were charged with the robberies. The appellant testified in his own behalf at the trial. He maintained he was at his mother-in-law's house during the robbery of the U-Totem store, and he stated he was forced to participate in the robbery of the Shop-N-Go store by Michael Howard. Nevertheless, the jury returned a guilty verdict. His motion for new trial was denied and appeal has been duly perfected.

The appellant first contends the trial court erred in allowing the testimony of David Shomin, a witness, who was undisclosed in violation of a pretrial order entered between the parties before the trial.

Apparently the parties entered into a pretrial order on December 16, 1977, which provided in Paragraph I:

"Does State have any oral, written, or recorded statements or confessions made by defendant or know of any?  YES X  No __."

The State answered the question in the affirmative and provided

the appellant with a copy of his own statement given to the police. Thereafter on Friday, February 24, 1978, immediately preceding the trial on Monday, February 27, 1978, the prosecutor for the state interviewed two K.A.R.E. technicians and discovered the appellant told them he was forced to participate in the robberies and he did not know the individual who forced him.

The appellant contends pursuant to the pretrial order he should have been apprised of the testimony and cites K.S.A. 22-3212(7). It provides:

"If, subsequent to compliance with an order issued pursuant to this section, and prior to or during trial, a party discovers additional material previously requested or ordered which is subject to discovery or inspection under this section, he shall promptly notify the other party or his attorney or the court of the existence of the additional material. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this section or with an order issued pursuant to this section, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances."

We have been confronted with problems under this particular provision on numerous occasions. *State v. McGee,* 224 Kan. 173, 177, 578 P.2d 269 (1978); *State v. Glazer,* 223 Kan. 351, 357-58, 574 P.2d 942 (1978); *State v. Rueckert,* 221 Kan. 727, 736, 561 P.2d 850 (1977); *State v. Villa & Villa,* 221 Kan. 653, 656, 561 P.2d 428 (1977); *State v. Walker,* 221 Kan. 381, Syl. ¶ 2, 559 P.2d 381 (1977); *State v. Johnson,* 219 Kan. 847, 549 P.2d 1370 (1976); *State v. Morin,* 217 Kan. 646, 652, 538 P.2d 684 (1975); *State v. Hollaway,* 214 Kan. 636, 638, 522 P.2d 364 (1974); *State v. Sullivan & Smith,* 210 Kan. 842, 847, 504 P.2d 190 (1972); *State v. Jones,* 209 Kan. 526, 528, 498 P.2d 65 (1972).

Generally the trial court has broad discretion in dealing with a party who has failed to comply with a discovery and inspection request, and the trial court's decision will only be set aside upon a showing of abuse. *State v. Glazer,* 223 Kan. at 357; *State v. Rueckert,* 221 Kan. at 736; *State v. Villa & Villa,* 221 Kan. at 656. Moreover, evidence not disclosed to the defendant before trial is not suppressed or withheld by the State if the defendant has personal knowledge thereof, or if the facts become available to him during trial and he is not prejudiced in defending against these new facts. *State v. Glazer,* 223 Kan. 351, Syl. ¶ 3; *State v. Rueckert,* 221 Kan. at 736; *State v. Walker,* 221 Kan. 381, Syl. ¶ 2.

Here no prejudice was shown. The entire defense was the appellant was forced to commit the act. As the trial court pointed out, had the State been refused the testimony on direct, it would have been admissible as rebuttal. See *State v. Shultz,* 225 Kan. 135, 587 P.2d 901 (1978); *Talley v. State,* 222 Kan. 289, 292, 564 P.2d 504 (1977); *State v. Smit,* 184 Kan. 582, 585, 337 P.2d 680 (1959); *State v. Bean,* 181 Kan. 1044, Syl. ¶ 1, 317 P.2d 480 (1957).

The appellant next contends the trial court erred in allowing the testimony of David Shomin because he was not endorsed on the State's list of witnesses.

The appellant discovered the K.A.R.E. units were not endorsed *after* the testimony of Mr. Shomin. The court then refused to allow any other K.A.R.E. technician to testify but refused to strike Mr. Shomin's testimony because no contemporaneous objection under K.S.A. 60-404 was lodged. The appellant contends K.S.A. 1977 Supp. 22-3201(6) controls. It provides:

"The prosecuting attorney shall endorse the names of all witnesses known to said attorney upon the complaint, information and indictment at the time of filing the same. Said attorney may endorse thereon the names of other witnesses as may afterward become known to said attorney, at such times as the court may by rule or otherwise prescribe."

He cites cases dealing with the late endorsement of witnesses which is clearly within the discretion of the trial court. See *State v. Rueckert,* 221 Kan. at 729; *State v. Wilson & Wentworth,* 221 Kan. 359, Syl. ¶¶ 6, 7, 559 P.2d 374 (1977); *State v. Motor,* 220 Kan. 99, Syl. ¶ 1, 551 P.2d 783 (1976). The test in these cases is whether the defendant's rights were prejudiced.

Research reveals only one Kansas case where an unendorsed witness testified. In *State v. Davis,* 199 Kan. 33, 427 P.2d 606 (1967), decided under K.S.A. 62-802 (Corrick), no error was shown when the testimony of an unendorsed witness was held to be merely cumulative and was *stricken.*

This issue has arisen in other courts. In *Hickory v. United States,* 151 U.S. 303, 308, 38 L.Ed. 170, 14 S.Ct. 334 (1894), the Supreme Court stated any objection to a witness that his name was not on the indictment, if not made until the examination in chief of the witness was concluded, is waived. Accord, *Gordon v. United States,* 289 F. 552, 554 (D.C. Cir. 1923). See also *United States v. Morris,* 178 F. Supp. 694, 699 (E.D. Pa. 1959); *People v.*

*DeFrance,* 104 Mich. 563, 62 N.W. 709 (1895); *Nichols v. State,* 494 S.W.2d 830 (Tex. Crim. 1973).

Moreover, discussion in 81 Am. Jur. 2d, Witnesses § 74 provides:

"In any case, the failure to object to a witness is a waiver of the objection that his name was not indorsed on the accusation or on the list of witnesses furnished." (p. 113.)

See also 42 C.J.S., Indictments and Informations § 211. Thus, no error exists here.

The appellant next complains the trial court erred in not granting a mistrial following David Shomin's testimony.

Terminating a trial and declaring a mistrial on one of the statutory grounds listed in K.S.A. 22-3423 is largely within the discretion of the trial court. A clear showing of abuse of discretion must be shown before the decision of the trial court will be set aside on appeal. *State v. McCorgary,* 224 Kan. 677, 687, 585 P.2d 1024 (1978); *State v. McQueen & Hardyway,* 224 Kan. 420, 427, 582 P.2d 251 (1978) and cases cited therein.

The appellant contends a mistrial should have been declared when an unendorsed witness was allowed to testify. Other jurisdictions have refused to so hold. See *Couser v. State,* 36 Md. App. 485, 374 A.2d 399 (1977), *aff'd* 282 Md. 125, 383 A.2d 389 (1978); *People v. Vaughn,* 31 Mich. App. 599, 188 N.W.2d 53 (1971); *State v. Parks,* 331 S.W.2d 547 (Mo. 1960).

While no Kansas case is directly in point, *State v. Villa & Villa,* 221 Kan. at 656 provides:

"Under this statute [K.S.A. 22-3212(7)] a failure to disclose, while not to be condoned, does not warrant an automatic mistrial and does not require the evidence to be automatically excluded."

Thus, no abuse of the trial court's power of discretion occurred here.

Finally the appellant argues the trial court erred in overruling his motion for judgment of acquittal at the close of the State's case.

The test for judgment of acquittal was recently stated by our court in *State v. Bell,* 224 Kan. 105, 106, 577 P.2d 1186 (1978). The evidence in the instant case was sufficient to pass the test. The appellant claims he was misidentified as the robber carrying the gun. Whether he was armed or not is irrelevant. One who counsels, *aids,* or abets in the commission of an offense may be

charged, tried, and convicted in the same manner as if he were a principal. *State v. Pierson,* 222 Kan. 498, 503, 565 P.2d 270, *cert. denied* 434 U.S. 868 (1977); *State v. Irving,* 217 Kan. 735, 738, 538 P.2d 670 (1975); *State v. Ritson,* 215 Kan. 742, 748, 529 P.2d 90 (1974); *State v. White,* 211 Kan. 862, 864, 508 P.2d 842 (1973). The appellant was identified as one of the participants in the armed robbery by all of the witnesses and the motion was properly overruled.

The judgment of the lower court is affirmed.