No. 50,408

STATE OF KANSAS, *Appellee,* v. ANTHONY D. CHILES, *Appellant.*

(595 P.2d 1130)

Opinion filed June 9, 1979.

*Antonio L. Ortega,* of Blase and Blase, of Wichita, argued the cause and was on the brief for the appellant.

*Marvin R. Cook,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found Anthony D. Chiles (defendant-appellant) guilty of one count of aggravated robbery (K.S.A. 21-3427); one count of unlawful possession of a firearm (K.S.A. 21-4204); and one count of aggravated battery (K.S.A. 21-3414). The appellant asserts numerous trial errors on appeal.

Briefly summarized, on the evening of April 9, 1978, the appellant and a companion registered at Hill's Texaco Motel, a combination service station and motel, located at 5403 North Broadway in Wichita, Kansas. The establishment was owned and operated by Melvin L. McDaniel. The appellant was given Room 21.

Ella Jeynette Richardson, a fourteen-year-old girl, testified she was the appellant's companion. She stated that shortly after arriving at the motel she and the appellant checked out and returned the key to the manager, Mr. Lake. She said the appellant told her they were going to rob the adjoining service station.

Mr. McDaniel testified that at approximately 12:15 a.m. on April 10, 1978, he and his common-law wife, Mrs. Glenda Hugg, were working in the station. He stated the appellant, whom he had previously identified from photographic mug shots, and a female accomplice entered the station through a side door, demanded the money from his cash register, and attempted to rob him.

Apparently a struggle then ensued between Mr. McDaniel and the appellant, and the witness was shot in his left shoulder. Thereafter the couple fled with the money in a 1965 or 1966 metallic green Plymouth Fury. Richard Stinnett, a customer at the station, witnessed the robbery and also testified at the trial. His description of the getaway car was similar.

Approximately one hour later, officers of the Wichita Police Department stopped the appellant at the intersection of 8th and Cleveland. He was driving a car which matched the description of the suspect vehicle.

Detective Leo Willey of the Sedgwick County Sheriff's Department soon arrived at the scene. He testified he advised the appellant of his *Miranda* rights, and the appellant acknowledged he understood the same. The appellant then told Detective Willey his whereabouts the preceding evening and voluntarily gave a written waiver to search the car. Detective Willey ordered the car sealed and impounded, however, until a search warrant could be obtained. He did search the appellant and took two live .38 caliber cartridges from the appellant's coat pocket.

At approximately 3:00 a.m. officers of the sheriff's department searched Room 21 of the motel with the consent of the management. The room was empty.

The search warrant was subsequently issued at 10:05 a.m. on Tuesday, April 11, 1978, and executed later that day. Officers found a .38 caliber pistol loaded with six shells in the car.

The appellant was then charged with aggravated robbery and unlawful possession of a firearm. The information was later amended to include the additional count of aggravated battery.

Prior to the trial the appellant unsuccessfully moved to dismiss Counts II and III of the amended information; to suppress evidence of his photographic identification; and to suppress evidence recovered from the search of his automobile. The appellant testified on his own behalf. He denied committing the robbery and offered an alibi. His motions for judgment of acquittal, mistrial, and new trial were overruled. He has duly perfected this appeal.

The appellant first contends the trial court erred in failing to sustain his motion to dismiss Count II of the amended information. Count II charged him with unlawful possession of a firearm under K.S.A. 21-4204. The appellant contends the statute draws an invidious discrimination between felons and misdemeanants and the distinction regarding prohibition of the possession of firearms less than twelve inches long as compared to possession greater than twelve inches long bears no rational relationship to any state interest. These arguments must fail.

This court previously considered the equal protection argument in *State v. Weathers,* 205 Kan. 329, 469 P.2d 292 (1970). There we upheld K.S.A. 21-2611 (Corrick), the forerunner to K.S.A. 21-4204, stating the statute was not unreasonable in its relation to the evil sought to be cured. While K.S.A. 21-4204 eliminates the extensive list of crimes found in K.S.A. 21-2611, the rationale for the distinction between felons and nonfelons remains the same. It is not unreasonable to restrict convicted felons from possessing handguns because the repetition of a crime by a previous offender who has armed himself with a pistol might well bring serious physical harm to the victim.

The appellant's contention that the distinction between firearms with a barrel length less than twelve inches from those with a barrel length more than twelve inches bears no rational relation to any state interest also lacks merit. In general the possession and use of dangerous weapons is a sufficient hazard to warrant prohibition except under special circumstances which may create justification. *People v. Musselman,* 69 Ill. App. 2d 454, 217 N.E.2d 420 (1966). Statutes preventing concealed weapons, except under circumstances which give rise to justification, are aimed at keeping the public from going about secretly armed. Inescapable is the idea of notice. If a man knows another man is armed he would behave differently in the event of an

affray than if he did not. *People v. Cunningham,* 20 Mich. App. 699, 174 N.W.2d 599 (1969). Thus, as the cases illustrate the reason for the distinction between the lengths of the barrel is that firearms with barrels less than twelve inches long are generally handguns which are easier to conceal and more often used to commit crimes. Therefore, we hold the provisions of K.S.A. 21-4204 do not offend against the constitutional guarantee of equal protection of the laws because the classifications found in the statute are honestly designed to protect the public from evils which may otherwise arise, and they are not unreasonable, arbitrary, or oppressive.

The appellant next claims the trial court erred in denying his motion to dismiss Count III of the amended information because it is duplicitous. Duplicity is defined as "the joining in a single count of two or more distinct and separate offenses." *State v. Smith & Miller,* 224 Kan. 662, 668, 585 P.2d 1006 (1978), *modified* 225 Kan. 199, 588 P.2d 953 (1979). Duplicity does not depend upon whether the facts proved at trial are actually used to support the conviction of both offenses; rather, it turns upon whether the necessary elements of proof of the one crime are included in the other. *State v. Thornton,* 224 Kan. 127, 130, 577 P.2d 1190 (1978) and authority cited therein.

In the case at bar Count I of the information charged the appellant with aggravated robbery in the words of the statute, and Count III of the amended information charged the appellant with aggravated battery in the words of the statute. Each count contains only one offense. The elements of proof of the crimes of aggravated robbery and aggravated battery are different, and the appellant's argument must fail.

The appellant next argues the trial court erred in denying his pretrial motion to suppress reference to the photographic identification during the trial. He presents the novel argument that identification was suggestive because his photograph was not excluded from other "mug shots" gathered for presentation.

Certain general rules are applicable. A defendant does not have a constitutional right to have counsel present at a photographic display, either before or after charges have been filed. *State v. Porter,* 223 Kan. 114, Syl. ¶ 3, 574 P.2d 187 (1977); *State v. Hutchinson,* 222 Kan. 365, 367, 564 P.2d 545 (1977), and cases cited therein. A pretrial identification of a defendant by use of

photographs will be suppressed only if the identification procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *State v. Wilson,* 221 Kan. 92, 95, 558 P.2d 141 (1976); *State v. Mitchell,* 220 Kan. 700, 556 P.2d 874 (1976); *State v. Nesmith,* 220 Kan. 146, 551 P.2d 896 (1976).

The appellant's argument must fail for several reasons. We note the appellant failed to object to the testimony concerning the photographic identification at the trial pursuant to K.S.A. 60-404. Failure to object to a reference during trial precludes assertion on appeal. *State v. Hatch & Smith,* 223 Kan. 783, 787, 576 P.2d 687 (1978); *State v. Watie, Heard and Heard,* 223 Kan. 337, 344, 574 P.2d 1368 (1978). Moreover, in the present case, Detective Nancy Myers of the sheriff's department testified she showed six "mug shots" to the victim. She stated she went to the hospital and spread the photographs on the bed. She said she never allowed Mr. McDaniel to see the backs of the pictures. She stated Mr. McDaniel pointed to the third picture and said, "that's him." The picture was that of the appellant. Furthermore, Mr. McDaniel told Detective Myers he was sure of the identification because he got a good look at the robber. A similar procedure was followed for Mrs. Hugg. Clearly the procedures used were not suggestive and did not give rise to irreparable misidentification. Both Mr. McDaniel and Mrs. Hugg made in-court identifications of Chiles as the robber. To demand the photographs of the suspect should have been purposely excluded because he was a suspect lacks reason. The identification of the appellant was overwhelming, and no error exists in the trial court's ruling.

The appellant asserts the trial court erred in not suppressing a .38 caliber pistol seized as a result of the search of his automobile. His argument is twofold: First he contends if his car was searched pursuant to his signed waiver, the waiver was involuntarily given because he was intoxicated and lacked the requisite education to read the waiver. Second he contends if the search was conducted after the issuance of the warrant, probable cause did not exist to support the affidavit.

If the findings of the trial court on a motion to suppress evidence are based upon substantial evidence this court on review will not substitute its view of the evidence for that of the trial court. *State v. Nicholson,* 225 Kan. 418, 423, 590 P.2d 1069

(1979); *State v. Johnson,* 223 Kan. 185, 187, 573 P.2d 595 (1977). The burden of proving that a search and seizure was lawful and based upon probable cause rests upon the prosecution. *State v. Nicholson,* 225 Kan. at 423.

Here Detective Leo Willey testified at the suppression hearing that he gave the appellant his *Miranda* rights and explained the waiver to the appellant. He stated he told the appellant he did not have to give a waiver to search his car. According to Detective Willey the appellant did not appear to be intoxicated or under the influence of drugs or alcohol, and he voluntarily signed the waiver. The detective further stated that due to the nature of the crime in order to insure validity of the search, a search warrant was acquired from the court. He denied conducting a search until the warrant was issued. The appellant, on the other hand, testified he was intoxicated. At the suppression hearing he demonstrated his inability to read the waiver form. The trial court found the search was conducted incident to a search warrant based upon probable cause.

The trial court did not err in its ruling. Under the facts the state could have properly conducted the search with or without the warrant. The existence and voluntariness of the appellant's consent was a question of fact to be decided in light of attendant circumstances by the trier of facts. *State v. Nicholson,* 225 Kan. at 423. The mere fact the appellant was unable to read does not abrogate the validity of his consent. *State v. Moretz,* 214 Kan. 370, 372, 520 P.2d 1260 (1974). Nor is the consent rendered any less voluntary because the defendant has been drinking if he understands his arrest and is fully oriented. *State v. White & Stewart,* 225 Kan. 87, 92, 587 P.2d 1259 (1978); *State v. Treadwell,* 223 Kan. 577, 579, 575 P.2d 550 (1978); *State v. Coop,* 223 Kan. 302, 309, 573 P.2d 1017 (1978).

However, from the testimony at the *Jackson v. Denno* hearing, the propriety of the search and seizure in this case does not depend upon the validity of the appellant's consent. Detective Willey testified he searched the car *after obtaining the search warrant.* The warrant described the vehicle to be searched and the articles to be found with particularity. The appellant had previously told the detectives he had a gun in the car and money in the glove compartment of the car. Under the rules recently enunciated by this court in *State v. White & Stewart,* 225 Kan. at 101;

*State v. Jacques,* 225 Kan. 38, Syl. ¶ ¶ 4, 5, 587 P.2d 861 (1978); and *Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132 (1978), probable cause was established and the warrant was properly issued.

The appellant next contends the trial court erred in overruling his objection to the introduction of the waiver of rights form. The waiver form signed by the appellant was admitted as foundation for a conversation held between Detective Willey and the appellant. That conversation was offered in rebuttal to the appellant's testimony during the trial concerning the time he left Hill's Texaco Motel.

We recently discussed the rules concerning rebuttal evidence in *State v. Shultz,* 225 Kan. 135, 138, 587 P.2d 901 (1978) and cases cited therein and in *State v. Stuart and Jones,* 223 Kan. 600, 604, 575 P.2d 559 (1978). Under the rules discussed in those cases, no error exists. The waiver was introduced as explanatory foundation for the conversation between the appellant and Detective Willey. It was proper rebuttal evidence and relevant and material to the issues. Therefore, we hold no abuse of the trial court's sound powers of discretion has been shown.

The appellant further claims the trial court erred in overruling his objection to the admission of Detective Willey's testimony during rebuttal. The appellant's statement that he left Hill's Texaco Motel at 5:00 in the morning was admitted into evidence during direct examination. Detective Willey testified on rebuttal that he confronted the appellant with the fact that officers had searched Room 21 of the motel at 3:00 a.m. on April 10, 1978, and the appellant was not present. The testimony revealed the motel room was searched without a warrant. The appellant now asserts the testimony pertaining to the time the room was empty was the fruit of an unreasonable search and seizure under the Fourth Amendment.

As a general rule the protection against unreasonable search and seizure extends to all constitutionally protected areas which includes, in proper instances, hotel rooms. *Hoffa v. United States,* 385 U.S. 293, 17 L.Ed.2d 374, 87 S.Ct. 408 (1966), *reh. denied* 386 U.S. 940 (1967); *Stoner v. California,* 376 U.S. 483, 11 L.Ed.2d 856, 84 S.Ct. 889, *reh. denied* 377 U.S. 940 (1964); *Johnson v. United States,* 333 U.S. 10, 92 L.Ed. 436, 68 S.Ct. 367 (1948). The basis of the protection is the right of the individual to privacy rather than the proprietary interest of the individual in the prem-

ises. *Warden v. Hayden,* 387 U.S. 294, 304, 18 L.Ed.2d 782, 87 S.Ct. 1642 (1967); *United States v. Croft,* 429 F.2d 884, 887 (10th Cir. 1970). Generally when the search of the room occurs *during* the rental period, the appellant has standing to object to an unauthorized search of the premises, unless prior to the search he has abandoned the premises, and thereby forfeited his right to occupancy and privacy. See *Friedman v. United States,* 347 F.2d 697 (8th Cir.), *cert. denied* 382 U.S. 946 (1965); *Feguer v. United States,* 302 F.2d 214 (8th Cir.), *cert. denied* 371 U.S. 872 (1962). The question of intentional abandonment is, therefore, a necessary inquiry only during the rental period when the defendant has sufficient control over the premises to establish a right to privacy therein. *United States v. Akin,* 562 F.2d 459, 464 (7th Cir. 1977), *cert. denied* 435 U.S. 933 (1978); *United States v. Parizo,* 514 F.2d 52, 55 (2nd Cir. 1975). The test for abandonment is whether the complaining party retains a reasonable expectation of privacy in the premises. *United States v. Wilson,* 472 F.2d 901, 902 (9th Cir. 1972), *cert. denied* 414 U.S. 868 (1973). Abandonment raises questions of fact and intent of the person who allegedly abandoned the property. *United States v. Akin,* 562 F.2d at 464.

Here a motel registration was introduced to show the appellant rented a room for one night from April 9, 1978, to April 10, 1978, for $5.50. Testimony by Ella Jeynette Richardson and the appellant during their direct examinations revealed the two checked out of the motel. The appellant testified he arrived at the motel at 9:00 p.m. on April 9, 1978, stayed one and one-half hours, then left to take his girl friend to her car. He stated he returned home around 11:15 p.m. Ella Richardson stated the couple returned the key to the manager. Obviously the appellant rented the motel room, utilized it for several hours, and abandoned any further interest in it when he returned the key and proceeded home. When the room was searched at 3:00 a.m. on April 10, 1978, the appellant had no reasonable expectation of privacy in the room. Thus, abandonment is not to be foreclosed here until the paid rent period ran out. *Feguer v. United States,* 302 F.2d at 249, and cases cited therein; see also Annot., 86 A.L.R.2d 984, 993; Annot., 31 A.L.R.2d 1078.

We hold the search and seizure here, although without a warrant, was not illegal, and the testimony concerning the time of the

search is not inadmissible on the constitutional grounds asserted. Furthermore, the testimony was introduced to rebut the appellant's testimony and was proper rebuttal.

The appellant also argues the trial court erred in overruling his motion for declaration of a mistrial because the foregoing testimony of Detective Willey was admitted as rebuttal. The rules concerning the granting of mistrials were recently discussed in *State v. Cook,* 225 Kan. 259, 263, 589 P.2d 616 (1978). For the reasons previously discussed, no abuse of the trial court's power of discretion has been shown.

The appellant contends the trial court erred in not sustaining his motion for judgment of acquittal. Under the test for judgment of acquittal set forth in *State v. Racey,* 225 Kan. 404, Syl. ¶ 1, 590 P.2d 1064 (1979), the trial court properly overruled the motion. Here the evidence established Mr. McDaniel and Mrs. Hugg were robbed at gunpoint and Mr. McDaniel was shot. Both victims identified the appellant as the robber in photographs and at trial. Ella Jeynette Richardson conceded she was the appellant's accomplice. An eyewitness described the getaway car and the description matched the appellant's car. Finally, a .38 caliber pistol and money were recovered from the vehicle. More than sufficient evidence existed for a reasonable mind to conclude guilt beyond a reasonable doubt and the motion was properly overruled.

Finally the appellant asserts the trial court erred in overruling his motion for a new trial. As grounds for this claim he cites the ineffective assistance of counsel and specifically contends counsel failed to challenge the jury array. The appellant was represented by Ronald McEnulty at trial and Antonio Ortega on appeal.

The granting of a new trial is a matter of discretion and, as with all discretionary matters, will not be disturbed on appeal except by a showing of abuse of discretion. A new trial in a criminal case may be granted on motion of a defendant when required in the interest of justice, and such grant in the first instance lies within the sound discretion of the trial court. *State v. Bell,* 224 Kan. 105, 108, 577 P.2d 1186 (1978), and cases cited therein. This court has recently discussed the rules pertaining to attorney competency in great detail. See *State v. Schrum,* 226 Kan. 125, 595 P.2d 1127 (1979); *Johnson v. State,* 225 Kan. 458, 590 P.2d 1082

(1979); *State v. Pencek,* 224 Kan. 725, 728-29, 585 P.2d 1052 (1978); *State v. Nelson,* 223 Kan. 572, 575, 575 P.2d 547 (1978). See also *Schoonover v. State,* 2 Kan. App. 2d 481, 582 P.2d 292 (1978). We have also recognized that a defendant has no right to a jury containing members of his race. *State v. Stewart,* 225 Kan. 410, 415-17, 591 P.2d 166 (1979); *State v. Sanders,* 225 Kan. 147, 149, 587 P.2d 893 (1978).

We have examined the totality of defense counsel's representation. Contrary to the appellant's assertion, counsel was most effective and energetic in his representation. The record reflects the guidance of a responsible, capable lawyer, who was acquainted with the law and the facts of the case, and was devoted to the best interests of his client. The appellant's assertion of the impropriety of the jury array is not supported by the record and we hold the trial court did not abuse its discretion in overruling the appellant's motion for new trial.

The judgment of the lower court is affirmed.