No. 50,346

STATE OF KANSAS, *Appellee,* v. ALBERT WILLIAM SCHRUM, *Appellant.*

(595 P.2d 1127)

Opinion filed June 9, 1979.

*Steven R. Becker,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Timothy J. Chambers,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Joseph P. O'Sullivan,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This is an appeal by Albert William Schrum from his jury trial conviction of the crime of aggravated robbery (K.S.A. 21-3427).

The sole issue on appeal is whether defendant was denied his right to effective assistance of counsel. Specifically, defendant contends his trial counsel's failure to file a notice of alibi pursuant to K.S.A. 1978 Supp. 22-3218 constitutes "wholly inadequate and ineffective" representation.

The alibi question first came before the trial court on the State's motion in limine to suppress alibi evidence by anyone other than defendant. The motion was made after the jury had been sworn, but prior to the prosecution's opening statement. The motion was occasioned by a remark made several months earlier by the trial counsel to the prosecutor to the effect he might use alibi evidence in the trial. The motion was sustained.

The alibi issue did not arise again in the trial except during the testimony of defense witness Pedro Garcia. The State had, during its case in chief, introduced evidence that defendant had a substantial amount of cash shortly after the robbery, had changed his physical appearance, and had left town shortly after the crime. Garcia testified in the following areas: (1) defendant's physical appearance at pertinent times; (2) an explanation for defendant's departure from town; (3) impeachment of a State's witness; and (4) defendant's lack of money the day after the robbery. The witness was asked whether he was with defendant on the day of the crime and the witness responded that they were together between 6 and 10 o'clock (a.m. or p.m. not specified). The crime occurred at approximately 8:00 p.m. The State objected as this testimony was in contravention of the alibi ruling. The objection was sustained and the jury was admonished to disregard that particular question and answer. Defendant's trial counsel made a proffer that he wished to have the witness testify that defendant had won a substantial sum of money from the witness while they were playing pool—the pool game occurring while the crime was in progress elsewhere. This testimony would have served two purposes, alibi and an explanation of the large sum of money the State's witnesses had seen in defendant's possession the day after the crime. Defense counsel was particularly anxious to get the testimony in concerning the pool game winnings and tried to separate this, on proffer, from the alibi purpose of the testimony. The trial court sustained the objection on the basis of its prior alibi ruling. The witness, who on proffer was to testify that defendant had a substantial amount of cash on the evening of the crime, ultimately testified that defendant was in dire financial straits the day after the crime. Defendant testified as to the pool winnings, as well as to the time and location of the game.

Before proceeding further it should be emphasized that the propriety of any of the trial court's rulings is not an issue before us. The sole question on appellate review is the effectiveness of defense counsel.

A good summary of the law on effective representation of counsel in Kansas is found in *Schoonover v. State,* 2 Kan. App. 2d 481, 582 P.2d 292, *rev. denied* 224 Kan. clxxxviii (1978), as follows:

"The right to effective assistance of counsel presupposes that counsel will be

competent and capable of conducting a genuine defense on behalf of the accused. While the law does not guarantee the assistance of the most brilliant and experienced counsel, it does require honest, loyal, genuine and faithful representation on the part of counsel, be he retained or appointed."

"Conduct of defense counsel which is so dishonest, incompetent or inadequate as to amount in practical effect to no counsel at all clearly violates a defendant's Sixth Amendment right to counsel. However, conduct which amounts to a substantial deviation from that expected of a reasonably competent lawyer in the community, such that no lawyer of average ability would engage in it, and which causes the client's conviction or otherwise works to the client's substantial disadvantage, is also a deprivation of the constitutional guarantee of 'effective' counsel."

"In applying the foregoing standard to counsel's performance, the effective assistance of counsel cannot be equated with the successful assistance of counsel. The adequacy of an attorney's services on behalf of an accused must be gauged by the totality of his representation, not by fragmentary segments analyzed in isolated cells." Syl. ¶ ¶ 2-4.

Identity was the issue in the trial. The State presented a strong case with two eyewitnesses who positively identified defendant as the perpetrator of the crime. Defense counsel conducted vigorous cross-examinations of the State's witnesses as is conceded by defendant. Seven witnesses were called by defense counsel. We have carefully reviewed the record, have applied the rules set forth in *Schoonover,* and find the totality of defense counsel's representation was adequate and there was no denial of the right to effective assistance of counsel.

The judgment is affirmed.