No. 50,446

STATE OF KANSAS, *Appellee,* v. BASSETT E. VOILES, *Appellant.*

(601 P.2d 1121)

Opinion filed October 27, 1979.

*Robert L. Taylor,* of Hutchinson, argued the cause and was on the brief for appellant.

*Timothy J. Chambers,* assistant county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal by the defendant-appellant, Bassett E. Voiles, from a conviction by a jury of one count of taking indecent liberties with a child. K.S.A. 1978 Supp. 21-3503(1)(b). Appellant was sentenced under the habitual criminal act to fifteen years to life. K.S.A. 21-4504.

On October 14, 1977, a twelve-year-old girl, whom we will refer to as Elizabeth, spent the night at the home of Bassett E. Voiles and his wife, Bonnie. The Voiles were friends of Elizabeth's mother. Elizabeth testified that during the evening she and appellant watched a baseball game on T.V. while Bonnie Voiles spent the evening reading a book in bed. After Bonnie Voiles had gone to sleep, the appellant told Elizabeth to take off her clothes and put on a robe. She did so and then the appellant instructed Elizabeth to sit on his lap while he kissed her twice, fondled her breasts and attempted to insert his hand in her panties. He also rubbed her panties. Later, defendant crawled into bed with her and again attempted to fondle her. After a sleepless night, Elizabeth contacted her aunt who picked her up. Elizabeth told her aunt what had happened and the matter was reported to the police who arrested and charged Voiles.

The trial was short with Elizabeth, her mother, her aunt and Brad Hill, a patrolman for the Hutchinson Police Department, testifying for the State. The only witness for the defense was Mrs. Bonnie Voiles. The defendant did not testify. The case hinged upon the testimony of Elizabeth.

Appellant's first point on appeal is a contention that he did not receive adequate and effective assistance of counsel. He argues that his attorney did not formulate or present any discernible defense or strategy and that the cross-examination of the State's witnesses was clearly ineffective.

The issue of effective representation of counsel was recently discussed in *State v. Schrum,* 226 Kan. 125, 595 P.2d 1127 (1979) and *Schoonover v. State,* 2 Kan. App. 2d 481, 582 P.2d 292, *rev. denied* 225 Kan. 845 (1978).

The court summarized *Schoonover* in *State v. Schrum* in the following way:

" 'The right to effective assistance of counsel presupposes that counsel will be competent and capable of conducting a genuine defense on behalf of the accused. While the law does not guarantee the assistance of the most brilliant and experi-

enced counsel, it does require honest, loyal, genuine and faithful representation on the part of counsel, be he retained or appointed.'

" 'Conduct of defense counsel which is so dishonest, incompetent or inadequate as to amount in practical effect to no counsel at all clearly violates the defendant's Sixth Amendment right to counsel. However, conduct which amounts to a substantial deviation from that expected of a reasonably competent lawyer in the community, such that no lawyer of average ability would engage in it, and which causes the client's conviction or otherwise works to the client's substantial disadvantage, is also a deprivation of the constitutional guarantee of "effective" counsel.'

" 'In applying the foregoing standard to counsel's performance, the effective assistance of counsel cannot be equated with the successful assistance of counsel. The adequacy of an attorney's services on behalf of an accused must be gauged by the totality of his representation, not by fragmentary segments analyzed in isolated cells.' Syl. ¶¶ 2-4." pp. 126-127.

When a court has appointed a member in good standing of the bar to represent a defendant there is a presumption that such counsel is competent. *Lee v. State,* 220 Kan. 221, 222, 552 P.2d 626 (1976). The appellant therefore has the burden of proof that effective counsel was in fact denied the defendant.

While the defense provided by defendant's counsel may not have been the most brilliant, every lawyer is entitled to his own method of trial strategy. *State v. Denney,* 206 Kan. 511, 479 P.2d 820 (1971). We have carefully reviewed the entire record and the standard of defense as articulated in *Schoonover* was satisfied.

Appellant next contends that the court committed error in sentencing him under the habitual criminal act. The alleged error is (1) failure of defendant to be furnished *written* notice that the State would ask for enhancement of the sentence, and (2) that the court based its determination that defendant had been convicted of two prior felonies on certified copies of journal entries of the prior convictions rather than authenticated copies.

K.S.A. 1978 Supp. 21-4504 provides in part:

"A judgment may be rendered pursuant to this section only after the court finds from competent evidence the fact of former convictions for felony committed by the prisoner, in or out of the state."

The evidence produced by the State included a certified copy of a journal entry from the district court of Franklin County, Kansas, reflecting a plea of guilty by the appellant to two counts of felonious solicitation of a minor, K.S.A. 38-711 (Corrick, 1964), and certified copies of records from the Arkansas Department of Corrections reflecting pleas of guilty to grand larceny in Sebas-

tian and Washington Counties in Arkansas. The records reflect that all the violations were felonies. While authenticated copies of the records may have been preferable, there is no showing of any defect in the certified copies and they constituted competent evidence of the former convictions.

At the time of sentencing, the trial judge inquired of counsel whether notice of the intent to ask for an enhancement of sentence had been given to the defendant. No objection of lack of notice was made and no motion for a continuance was requested. Appellant's argument is that he should have received written notice rather than oral notice which apparently is conceded. The question of notice was considered by this court in *Brown v. State,* 196 Kan. 236, 409 P.2d 772 (1966), where we stated:

"Fundamental fairness in judicial procedure requires that the court may impose an enhanced penalty under the habitual criminal act only upon the basis of a supporting judicial determination of the essential facts made after the defendant in the criminal case has been notified and heard upon the issue of his prior convictions. The failure to comply with such procedure is a denial of due process of law and makes the enhanced penalty a legal nullity." p. 239.

While there can be no doubt written notice to the defendant is preferable and would provide a better record on appeal, it is not an absolute requirement. Where, as here, the defendant had ample oral notice and made no objection to proceeding with the hearing, the requirements of due process have been fulfilled.

Appellant's next point is that he has been denied due process of law in that K.S.A. 1978 Supp. 21-3503 is unconstitutionally vague and indefinite. The constitutionality of the statute has previously been before this court and upheld. *State v. Wells,* 223 Kan. 94, 573 P.2d 580 (1977).

Finally, appellant contends there was insufficient evidence to support the verdict. On June 28, 1979, the United States Supreme Court, in *Jackson v. Virginia,* 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979), confirmed its earlier decision that a proceeding in the federal court based upon an allegation of insufficient evidence to sustain a state court conviction raises a constitutional issue which may be decided in the federal courts. See *Re Winship,* 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970). In *Jackson* the defendant had been convicted of first degree murder in the State of Virginia. Jackson, having exhausted his state court remedies, then filed a habeas corpus action in the federal court

and certiorari was eventually granted by the supreme court. The court stated:

"Under 28 U.S.C. § 2254 [28 USCS § 2254], a federal court must entertain a claim by a state prisoner that he or she is being held in 'custody in violation of the Constitution or laws of the United States.' Under the *Winship* decision, it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim. Thus, assuming that state remedies have been exhausted, see 28 USC § 2254(b) [28 USCS § 2254(b)], and that no independent and adequate state ground stands as a bar, see *Estelle v. Williams*, 425 U.S. 501, 48 L.Ed.2d 126, 96 S.Ct. 1691; *Francis v. Henderson*, 425 U.S. 536, 48 L.Ed.2d 149, 96 S.Ct. 1708; *Wainwright v. Sykes*, 433 U.S. 72, 53 L.Ed.2d 594, 97 S.Ct. 2497; *Fay v. Noia*, 372 U.S. 391, 438, 9 L.Ed. 2d 837, 83 S.Ct. 822, 24 Ohio Ops. 2d 12, it follows that such a claim is cognizable in a federal habeas corpus proceeding." 61 L.Ed.2d at 574-575.

The court, in determining the standard to be applied in reviewing the evidence from the state court, held:

"We hold that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 [28 USCS § 2254]—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 61 L.Ed.2d at 576-577.

It would serve no useful purpose for us to rehash and attempt to expound upon the rationale of the Supreme Court in establishing this new rule of constitutional law. For those interested we suggest a careful study of the opinion. Based upon *Jackson* we are of the opinion that henceforth when an attack is made on appeal from a criminal conviction upon the ground there is insufficient evidence to support the conviction, we must apply the same standard of review as adopted in *Jackson*.

In the case at bar the conviction rests upon the uncorroborated testimony of a twelve-year-old girl; however, that evidence, which was undisputed, was evidently believed by the jury. A careful review of the record in the light most favorable to the prosecution convinces us that a rational factfinder could readily have found the defendant guilty beyond a reasonable doubt.

The judgment is affirmed.

FROMME, J., not participating.