NOT DESIGNATED FOR PUBLICATION

No. 114,108

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EVA M. LUJANO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; RICHARD B. WALKER, judge. Opinion filed September 16, 2016. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Jason R. Lane*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*:  The Harvey County District Court found Eva M. Lujano guilty of unlawful possession of a controlled substance. Prior to trial, she filed a motion to suppress the evidence seized from the vehicle she was driving. The district court denied this motion, holding Lujano lacked standing to challenge the search and that probable cause plus exigent circumstances allowed the warrantless search of the vehicle. We affirm the trial court's finding that probable cause plus exigent circumstances justified the warrantless search.

1

On December 14, 2013, Officer Jordan Garver of the Newton Police Department stopped a vehicle driven by Lujano after Officer Garver observed the vehicle fail to stop at a stop sign. The vehicle pulled into a private driveway. Officer Garver immediately recognized the passenger of the vehicle as Jason Yotter and knew there was an outstanding warrant for Yotter. Officer Garver took Yotter into custody on this warrant.

While Yotter was being arrested, Sergeant Jason Thompson arrived as a backup officer. Lujano was outside of the vehicle, which was registered to Yotter, and Officer Thompson began talking with her. Officer Thompson knew both Yotter and Lujano and was aware both were under current and prior investigations for their involvement with the sale and possession of illegal drugs.

Officer Thompson testified at the suppression hearing that Lujano was fidgety and had difficulty standing still while he was talking with her. Officer Thompson repeatedly asked her not to move or walk away because he was unsure if Garver had completed his arrest of Yotter. Lujano had her purse over her shoulder and was gripping it tightly. This tight grip drew Officer Thompson's attention. The officer asked Lujano if she had weapons or illegal drugs in her purse. Lujano replied she did not. Officer Thompson asked if he could search her purse, and she initially refused but then, without prompting, pulled the purse off her shoulder and held it open for the officer to view. The officer asked if she was giving him permission to search the purse. Lujano responded she was not but then began reaching in the purse and digging around to demonstrate that she did not have anything of interest in her purse.

While Lujano was showing Officer Thompson the contents of her purse he observed a small clear plastic baggie about 2 inches by 2 inches. Officer Thompson testified he had previously seen such baggies in connection with the use, sale, and

possession of illegal drugs, and he believed the baggie to be drug paraphernalia. When Officer Thompson asked Lujano about the baggie, she told him it was for "my pills or my marbles." Officer Thompson asked Lujano for the purse, and she handed it over to him. The officer took the baggie from the purse and observed a white residue on or in the baggie consistent with residue from illegal drugs. He did not believe pills or marbles would have made such a residue. Officer Thompson was unable to field test the residue.

Officer Thompson seized the baggie but did not immediately place Lujano under arrest. Officer Thompson asked both parties for permission to search the vehicle but was denied. The vehicle was locked; however, Lujano gave the officer the keys, and Officer Thompson proceeded to search the vehicle. During the search, he discovered and seized several items including several smaller baggies similar to the one found in Lujano's purse. These baggies contained a white crystalline substance which subsequently tested positive as methamphetamine. Officer Thompson also seized a cell phone that contained text messages referencing drug sales. Inside of Lujano's purse Officer Thompson also found five pills identified as hydrocodone.

The State originally charged Lujano with possession with intent to distribute methamphetamine, possession of hydrocodone, and the use of a communication facility for drug transactions. The State subsequently dismissed the charges of possession of hydrocodone and the use of a communication facility for drug transactions and amended the possession with intent to distribute methamphetamine, leaving Lujano charged with one count of unlawful possession of a controlled substance.

Lujano filed a motion to suppress the evidence seized from the vehicle, alleging the warrantless search of the vehicle violated her rights under the Fourth Amendment to the United States Constitution. The district court denied this motion holding that: (1) Lujano did not have standing to challenge the search of the vehicle because she asserted no ownership interest in the property seized, failed to present she had an expectation to

privacy in Yotter's vehicle, and failed to present any evidence that she had a legitimate possessory interest in Yotter's vehicle; and (2) probable cause plus exigent circumstances existed allowing Officer Thompson's search of the vehicle. The district court held that probable cause existed based on the totality of the circumstances due to Lujano's association with Yotter, the officer's knowledge of her association with illegal drugs, her behavior during the stop, and the plastic baggie in her purse. This probable cause plus the exigency of the circumstances permitted Officer Thompson's search of the vehicle.

The charge against Lujano proceeded to a bench trial on stipulated facts. Lujano objected to the admission of the evidence derived from Officer Thompson's search at the bench trial. The district court found Lujano guilty of one count of unlawful possession of a controlled substance and on May 5, 2015, sentenced her to 12 months' probation with an underlying sentence of 13 months' imprisonment.

Lujano timely appeals.

DID THE DISTRICT COURT ERR IN DENYING LUJANO'S MOTION TO SUPPRESS?

On appeal Lujano argues that the district court erred when it did not grant her motion to suppress. Specifically she argues that she had standing to challenge the search and there was not probable cause to search the vehicle.

> "Generally, on a motion to suppress evidence, the appellate court reviews the factual basis of the trial court's decision for substantial competent evidence, and the ultimate legal conclusion drawn from those facts raises a question of law requiring de novo review. *State v. Ransom*, 289 Kan. 373, 380, 212 P.3d 203 (2009). However, on a motion to suppress evidence where the facts are undisputed, the appellate court exercises unlimited de novo review of the district court's legal conclusions. *State v. Daniel*, 291 Kan. 490, 495, 242 P.3d 1186 (2010). Furthermore, the State bears the burden of proving the lawfulness of a search and seizure to the trial court by a preponderance of the

4

evidence. *State v. Pollman*, 286 Kan. 881, 886, 190 P.3d 234 (2008)." *State v. Jackson*, 46 Kan. App. 2d 199, 202, 260 P.3d 1240 (2011).

*Standing*

The issue of standing, which was raised by the trial court *sua sponte*, is an interesting one. On appeal, Lujano presents numerous arguments in favor of standing. But even if we were persuaded by Lujano's argument that she did have standing to challenge the search of the vehicle, the analysis below establishes that Officer Thompson was lawfully entitled to search the vehicle based on the existence of probable cause plus exigent circumstances; thus, Lujano would lose on the merits anyway. For this reason, it is unnecessary for us to reach the issue of standing in order to resolve the issue presented on appeal.

*Exigent Circumstances Plus Probable Cause*

The Fourth Amendment prohibits unreasonable searches and seizures. A search and seizure of evidence conducted without a warrant is "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). One of the "specifically established and well-delineated exceptions" to the warrant requirement is probable cause plus exigent circumstances. *State v. Sanchez-Loredo*, 294 Kan. 50, Syl. ¶ 1, 272 P.3d 34 (2012).

> "Under the automobile exception to the Fourth Amendment's warrant requirement, which is a subclass of the probable-cause-plus-exigent-circumstances exception, the mobility of the vehicle provides the exigent circumstances without the necessity of proving anything more. If a vehicle is readily mobile and probable cause exists to believe the vehicle contains contraband or evidence of a crime, the Fourth Amendment does not require a warrant for police to search the vehicle." 294 Kan. 50, Syl. ¶ 4.

5

Here, there is no question that the vehicle was readily movable and thus exigent circumstances existed. What must be determined is whether probable cause existed. Probable cause may be established if, based on the totality of the circumstances, there is a fair probability that the place to be searched contains contraband or evidence of a crime. 294 Kan. at 55.

The State argues, and the district court held, that based on a totality of the circumstances—the small plastic bag containing white residue in Lujano's purse, Officer Thompson's knowledge of Yotter's and Lujano's involvement with illegal drugs, Lujano's immediate association with Yotter, and Lujano's heightened sense of nervousness—probable cause existed to search the vehicle. In response, Lujano argues none of the factors support a finding of probable cause.

Lujano seems to specifically argue that the factors used here to establish probable cause alone are not enough and they collectively do not rise to the level required to establish probable cause. In support of this argument Lujano relies on several cases, including *United States v. Sandoval*, 29 F.3d 537, 542 (10th Cir. 1994) (prior criminal involvement alone not enough); *State v. Ramirez*, 278 Kan. 402, 408, 100 P.3d 94 (2004) (possession of packaging typically containing narcotics standing alone not enough); *State v. DeMarco*, 263 Kan. 727, 738, 952 P.2d 1276 (1998) (nervousness alone not enough); and *State v. Vandiver*, 257 Kan. 53, 61, 891 P.2d 350 (1995) (mere propinquity to others independently suspected of criminal activity without more not enough). However, Lujano ignores the qualifying language in the cases on which she relies. Each case states that although the factor alone may not be enough to justify a search, that factor combined with others may rise to the required level. See *Sandoval*, 29 F.3d at 542; *Ramirez*, 287 Kan. at 408; *DeMarco*, 263 Kan. at 738; *Vandiver*, 257 Kan. at 61.

Based on the totality of the circumstances—Lujano's nervousness, the baggie in her purse containing a white substance, her known history with illegal drugs, and her

6

immediate association with a known illegal drug user—there was a fair probability that the vehicle contained contraband or evidence of a crime. Accordingly, even if Lujano had standing to challenge the search of the car, both exigent circumstances and probable cause existed to justify the warrantless search; thus, the district court did not err in denying Lujano's motion to suppress.

Affirmed.