NOT DESIGNATED FOR PUBLICATION

No. 116,482

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TJAY MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed October 13, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

PER CURIAM:  A jury convicted TJay Miller of multiple crimes in two separate, consolidated cases. In case No. 15CR1423, the jury convicted Miller of possession of methamphetamine with intent to distribute, fleeing or attempting to elude police officers, driving with a suspended license, and making an improper left turn. In case No. 16CR67, the jury convicted Miller of possession of methamphetamine with intent to distribute and possession of drug paraphernalia for personal use. On appeal, Miller claims there was insufficient evidence to support his convictions of possession of methamphetamine with

1

intent to distribute. He also claims the district court erred in consolidating the two cases for trial. We disagree with Miller's claims and affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2014, while on patrol, Wichita Police Officers Justin Rapp and Robert Thatcher observed a car speeding through a residential neighborhood. While following the car, the officers saw it make an improper left turn, a traffic infraction. The officers turned on their emergency lights and attempted to pull the car over, but the car initially tried to flee. Soon thereafter, the car broke down and came to a stop. After the car came to a stop, a female jumped out of the passenger side door, yelling for help. As officers approached the car, they observed Miller in the driver's seat. When Miller did not comply with requests to exit, Thatcher removed him from the car. Thatcher then searched the car, finding a bag containing 61 grams of methamphetamine in the center console.

On May 8, 2015, the State charged Miller in 15CR1423 with possession of methamphetamine with intent to distribute, fleeing or attempting to elude police officers, driving with a suspended license, and making an improper left turn. Miller was released on bond pending trial. Then, on November 4, 2015, Wichita Police Officers Edward Johnson and Victor Trillo responded to a call regarding a "suspicious character" in a car in a Dollar General store parking lot. When the officers arrived, they found Miller sleeping in the driver's seat of the car.

After getting Miller out of the car, the officers noticed a bulge in his right sock. Miller admitted that the bulge was from a "meth pipe." While Johnson was retrieving the pipe, he noticed another bulge in Miller's left sock. Johnson reached into Miller's sock and retrieved a baggie containing 7.85 grams of methamphetamine. During further investigation, the police obtained a search warrant for Miller's cell phone and found several text messages indicating that Miller used the phone to conduct drug sales.

2

On January 6, 2016, the State charged Miller in 16CR67 with possession of methamphetamine with intent to distribute and possession of drug paraphernalia for personal use. On February 19, 2016, the State filed a motion to consolidate the two cases. In the motion, the State argued that because the crimes charged were of the same or similar character, the two cases should be consolidated under K.S.A. 22-3202(1) and K.S.A. 22-3203. The State also argued that the two cases should be consolidated pursuant to K.S.A. 2014 Supp. 21-5110 because both cases required the production of the same evidence.

Miller did not file a written response to the motion. At the hearing on the motion, Miller objected to the consolidation, arguing that it was more prejudicial than probative and that judicial economy would not be enhanced by consolidating the cases. After hearing the arguments, the district court granted the State's motion to consolidate under K.S.A. 22-3202(1), finding that the cases were of the same or similar character and judicial economy would be promoted by consolidating the cases.

A jury trial commenced on February 29, 2016. Officers Rapp and Thatcher testified about the incident on November 9, 2014. Officers Johnson and Trillo testified about the incident on November 4, 2015. Detective Mark McKee testified about the text messages on Miller's phone indicating that he used the phone to conduct drug sales. McKee identified seven specific text messages, and transcripts of the messages were introduced into evidence as exhibits. Other forensic witnesses testified for the State in order to identify the narcotics seized from Miller as methamphetamine. One witness testified that he was unable to identify any latent fingerprints on the bag containing the methamphetamine found in the car on November 9, 2014.

Miller did not testify at trial. However, his step-sister, Jessica Rourke, testified for the defense. Rourke testified that the car involved in the November 9, 2014 incident was owned by Miller's half-brother, Billy Miller, and the car was registered to Jessica. Rourke

3

also testified that Billy's girlfriend sometimes drove the car. Miller's defense in 15CR1423 was that the methamphetamine found in the car was not his. As to the possession of methamphetamine charge in 16CR67, Miller's defense was that the methamphetamine found in his sock was for personal use, not for distribution.

After hearing the evidence, the jury convicted Miller of all charges. At sentencing on April 6, 2016, the district court imposed a controlling sentence in both cases of 130 months' imprisonment. Miller timely filed a notice of appeal.

SUFFICIENCY OF THE EVIDENCE

Miller first claims there was insufficient evidence to support his convictions of possession of methamphetamine with intent to distribute. "'When the sufficiency of the evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility.' [Citations omitted.]" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). Moreover, circumstantial evidence is sufficient to support a conviction as long as it provides a reasonable basis for the jury to reasonably infer each element of the crime. See *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

*Case No. 15CR1423*

In regard to 15CR1423, Miller claims there was insufficient evidence to support his conviction of possession of methamphetamine with intent to distribute on November 9, 2014. Specifically, Miller argues that because the State did not present direct evidence that he controlled the methamphetamine or that he knew the narcotics were in the car, the

4

State failed to prove the possession element of the crime. The State asserts that there was sufficient evidence to support the conviction and that this court may not disturb the jury's verdict simply because Miller can provide an alternative explanation for the evidence.

The State charged Miller with possession of methamphetamine with intent to distribute in violation of K.S.A. 2014 Supp. 21-5705(a)(1). That statute provides: "It shall be unlawful for any person to distribute or possess with the intent to distribute any of the following controlled substances or controlled substance analogs thereof: (1) Opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107, and amendments thereto." K.S.A. 2014 Supp. 65-4107(d)(3) includes methamphetamine. At trial, the district court instructed the jury that "'[p]ossession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." See PIK Crim. 4th 57.020 (2014 Supp.).

Miller cites *State v. Vandiver*, 257 Kan. 53, 61, 891 P.2d 350 (1995), for the proposition that a defendant's mere presence or access to drugs is insufficient to establish possession. While this assertion is true, other circumstances can establish a defendant's constructive possession of drugs. These circumstances include "the 'defendant's previous participation in the sale of drugs, use of narcotics, proximity to the area where drugs are found, and the fact the drugs were found in plain view.'" *Rosa*, 304 Kan. at 434. Although no one circumstance alone may be sufficient to support a conviction, the circumstances taken together can provide sufficient evidence to support a conviction. 304 Kan. at 434.

Here, the State introduced Miller's text messages indicating that he sold drugs, including methamphetamine, to numerous individuals. Also, the State presented the circumstantial evidence that Miller fled from police before being arrested, inferring a guilty state of mind. Miller's step-sister also testified that Miller did occasionally drive

5

the car where the methamphetamine was found. Finally, the evidence established that Miller later possessed methamphetamine in the Dollar General store parking lot.

Based on this evidence, viewed in the light most favorable to the State, a rational fact-finder could reasonably find that Miller possessed the methamphetamine found in the center console of the car with the knowledge of and intent to have control over the narcotics. While some of the evidence presented was circumstantial, the fact that Miller can provide an alternative explanation for the evidence does not make it insufficient to support the verdict. We conclude there was sufficient evidence to support Miller's conviction of possession of methamphetamine with intent to distribute in 15CR1423.

*Case No. 16CR67*

As to 16CR67, Miller claims there was insufficient evidence to support his conviction of possession of methamphetamine with intent to distribute on November 4, 2015. Miller argues that the methamphetamine found in his sock was for personal use only and there was insufficient evidence to support the element of the crime that Miller intended to distribute the narcotics. Miller points to the fact that no text message actually refers to him selling drugs on November 4, 2015. He also asserts that because no "indicia of sale or distribution"—such as a list of clients, scales, or large amount of money—was found when he was arrested, the evidence established that Miller intended to personally use the methamphetamine. The State asserts there was sufficient evidence to establish that Miller intended to sell the methamphetamine found during the 2015 incident.

As we have explained, circumstantial evidence is sufficient to support a conviction for even the most serious offense. See *Logsdon*, 304 Kan. at 25. Here, the evidence established that Miller sent text messages discussing the sale of methamphetamine just a few hours before his arrest on November 4, 2015. More importantly, K.S.A. 2014 Supp. 21-5705(e)(2) establishes a rebuttable presumption of an intent to distribute when a

defendant possesses 3.5 grams or more of methamphetamine. Also, Thatcher testified at trial that methamphetamine users typically do not use more than 1 gram each day for personal consumption. Based on this evidence, viewed in the light most favorable to the State, a rational fact-finder could reasonably find that Miller intended to distribute the methamphetamine found on his person on November 4, 2015. Thus, there was sufficient evidence to support the conviction in 16CR67.

CONSOLIDATION OF THE CASES FOR TRIAL

Next, Miller claims the district court erred in consolidating the two cases for trial. Miller argues that consolidation was improper under K.S.A. 22-3202(1) because the charges in the two cases were not of the same or similar character. He also argues that joinder of the two cases was improper because it unfairly prejudiced his right to a fair trial. Specifically, he asserts that (1) joinder of the cases for trial created jury confusion; (2) evidence was admitted in the consolidated trial that would have been inadmissible at separate trials; and (3) joinder of the trials adversely implicated his right to testify.

The State argues that Miller failed to preserve this issue for appeal because he is raising arguments against joinder on appeal that he did not raise in district court. On the merits, the State argues that the district court did not abuse its discretion in consolidating the cases. Finally, the State asserts that joinder of the two cases for trial was compulsory under K.S.A. 2014 Supp. 21-5110.

"An appellate court applies a three-step analysis in reviewing potential consolidation errors, utilizing a different standard of review at each step. First, the court considers whether K.S.A. 22-3203 permitted consolidation. Under that statute, multiple complaints against a defendant can be tried together if the State could have brought the charges in a single complaint. K.S.A. 22-3202(1) spells out the three conditions permitting the joining of multiple crimes in a single complaint. Whether one of the conditions is satisfied is a fact-specific inquiry, and the appellate court reviews the

district court's factual findings for substantial competent evidence and the legal conclusion that one of the conditions is met de novo. Second, because K.S.A. 22-3202 provides that charges 'may' be joined, a district court retains discretion to deny a request to consolidate even if a statutory condition is met. This decision is reviewed for an abuse of discretion. Finally, if an error occurred in the preceding steps, the appellate court considers whether the error resulted in prejudice, *i.e.,* whether it affected a party's substantial rights." *State v. Hurd*, 298 Kan. 555, Syl. ¶ 1, 316 P.3d 696 (2013).

As a preliminary matter, the State argues that Miller has failed to preserve this issue for appeal because he is raising arguments against joinder on appeal that he did not raise in district court. In district court, while Miller did not file a written response to the State's motion to consolidate, he did object to the consolidation at the hearing on the motion. Miller's entire objection and argument in district court was as follows: "I object to this motion to consolidate. I think that consolidating this will be more prejudicial than probative. As far as I can see, there are no overlapping officers in both cases, so the only judicial economy is one trial instead of two. So I would object." Miller renewed his objection to the consolidation at trial, but he offered no further argument on the issue.

Miller never argued in district court that consolidation was improper because the charges in the two cases were not of the same or similar character. He makes this argument on appeal, although he cites no Kansas cases to support his claim. As a general rule, a defendant cannot object on one ground in district court and then assert another ground on appeal. *State v. Richmond*, 289 Kan. 419, 428, 212 P.3d 165 (2009). However, because the record reflects that Miller raised a general objection to consolidating the cases for trial in district court, we will address the merits of his claim on appeal.

K.S.A. 22-3203 provides that the "court may order two or more complaints, informations or indictments against a single defendant to be tried together if the crimes could have been joined in a single complaint, information or indictment." K.S.A. 22-3202(1) provides that two or more crimes may be charged against a defendant in the

8

same complaint if the crimes charged "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Miller's possession of methamphetamine with intent to distribute charges could have been joined in a single complaint because the crimes were of the same or similar character. Our Supreme Court has held that crimes are of the same or similar character "'where all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment.'" *State v. Barksdale*, 266 Kan. 498, 507, 973 P.2d 165 (1999).

*State v. Zarate*, No. 113,388, 2016 WL 3856918 (Kan. App. 2016) (unpublished opinion), *rev. denied* ___ Kan. ___ (August 28, 2017), is almost directly on point with respect to the facts of Miller's cases. In *Zarate*, police arrested the defendant on two separate occasions for suspicion of selling methamphetamine. These arrests occurred nearly a year apart. The State initially charged the defendant with possession of methamphetamine with intent to distribute in two separate cases. However, the district court later granted the State's motion to consolidate the cases for trial. A jury ultimately convicted the defendant of both charges.

On appeal, the defendant argued that the district court improperly consolidated the two cases for trial. Our court rejected that claim noting that both cases involved the same charge: possession of methamphetamine with intent to distribute. Likewise, the quantities of methamphetamine the defendant possessed in each case indicated distribution, not personal use. 2016 WL 3856918, at *4. Finally, our court found that the discrepancy in the amount of methamphetamine possessed in each case (9 grams in one case and 120 grams in the other) did not change the fact that the amount possessed in both cases was indicative of distribution. 2016 WL 3856918, at *5.

9

Like in *Zarate*, Miller's two cases involved the same charge: possession of methamphetamine with the intent to distribute. Miller's cases involved amounts of methamphetamine that were indicative of distribution, not personal use. Similar to *Zarate*, the fact that the amount of methamphetamine was different in each case (7.85 grams in one case and 61 grams in the other) is of no meaningful difference as to whether the charges are of the same or similar character. Moreover, Miller's cases involved the same kind of evidence (text messages indicating Miller sold methamphetamine; expert testimony as to how drugs are scientifically determined to be methamphetamine), the same mode of trial (trial by jury), and the same kind of punishment (a prison sentence). Based on these factors, we have no difficulty concluding that the charges in Miller's cases were of the same or similar character to be properly consolidated for trial.

Next, we must consider whether the district court abused its discretion by consolidating the two cases. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting that the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Miller first asserts that joinder of the cases for trial created jury confusion and made it difficult for the jury to "compartmentalize the evidence and consider the counts separately." Miller cites the fact that during deliberations the jury asked the district court whether it could consider evidence from one case to decide the other case.

At trial, the district court instructed the jury that each crime charged against Miller was a separate and distinct offense and each charge must be decided separately. An appellate court presumes that a jury followed the district court's instructions. *State v. Cromwell*, 253 Kan. 495, 510, 856 P.2d 1299 (1993). The jury certainly was allowed to

10

consider all the evidence presented at trial to reach a verdict on the charges in each case provided they understood that each charge was a distinct offense that must be decided separately. As for the jury's question on this point, the district court properly responded: "Yes. Please refer to instructions as previously given." Miller fails to establish his claim that joinder of the cases for trial created jury confusion.

Next, Miller asserts that under K.S.A. 60-455, some of the evidence presented against him at the consolidated trial would have been inadmissible at separate trials. However, "Kansas case law and the provisions of K.S.A. 22-3202(1) make it clear that joinder is not dependent upon the other crimes being joined meeting the admissibility test set forth in K.S.A. 60-455." *Barksdale*, 266 Kan. at 510. Thus, we reject Miller's assertion that joinder of the cases for trial was improper for this reason.

Finally, Miller argues that joinder of the cases for trial adversely implicated his right to testify. Specifically, Miller asserts that he may have wanted to testify on his own behalf in one case but not the other case had the charges been tried separately. However, Miller never asserted in district court that he wanted to testify in one case but not the other. Considering that even an express desire to testify in one case but not the other does not necessarily prohibit joinder or constitute grounds for reversal, his assertion on appeal that he *may* have decided to testify in one case is unpersuasive. See *State v. Howell*, 223 Kan. 282, 284-85, 573 P.2d 1003 (1977) (accused's election to testify on some but not all the charges at trial does not automatically require severance).

To sum up, the two complaints filed against Miller could have been joined in a single complaint because the charges were of the same or similar character. Miller fails to establish that he was unfairly prejudiced by the joinder of the charges for trial. Thus, we conclude the district court did not err in consolidating the two cases for trial.

Affirmed.

11